



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3-11-CR-308-N |
| | § | **UNDER SEAL** |
| OVSANNA AGOPIAN (1) | § | |
|     a.k.a. "Joanna Ovsanna Agopian" | § | **(Supersedes indictment filed** |
|     a.k.a. "Joanna Smbatyan" | § | **October 19, 2011)** |
| TOLULOPE LABEODAN (2) | § | |
| VAGHARSHAK SMBATYAN (3) | § | |
| GODWIN UMOTONG (4) | § | |
| LESLIE OMAGBEMI (5) | § | |
| MUNDA MASSAQUOI (6) | § | |
| COMFORT GATES (7) | § | |

SEALED

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### Introduction

At all times material and relevant to this indictment:

### The Medicare Program

1.     The Medicare Program (Medicare) was a federal program that provided

health care benefits to certain individuals, including those age 65 or older, blind, or

disabled.  Medicare was a "health care benefit program" as defined by 18 U.S.C. § 24(b).

Medicare was administered by the Centers for Medicare and Medicaid Services, an

agency of the U.S. Department of Health and Human Services.

2.     Medicare Part B paid for outpatient physician services.  Office visits were

reimbursed by Medicare at different rates, depending on whether the patient was new and

the severity of the presenting problems.  Medicare also paid for diagnostic tests, which included allergy tests, trans-cranial dopplers, H-reflex tests, peripheral vascular laboratory tests, nerve conduction studies, and others.

3.      Reimbursement for these diagnostic tests was split into two components, technical and professional.  Medicare reimbursed a provider for the technical component for the performance of the test and the professional component for the analysis of the results.

4.      Each claim for a diagnostic test included a code that informed Medicare where the test was performed.  For example, if the test were performed at a beneficiary's home, a "12" was noted in the claim.  If the test was performed at an office, an "11" would be noted in the claim.

5.      In order to receive payment from Medicare, a provider was required to submit a claim to the claims administrator based on the beneficiary's state of residence. In the State of Texas, Medicare contracted with TrailBlazer Health Enterprises, L.L.C. to administer and process the claims.  TrailBlazer was located in the Dallas Division of the Northern District of Texas.

6.      Every claim was required to state, among other things, the beneficiary's name and health insurance claim number, the procedure code corresponding to the items provided to the Medicare beneficiary, the date the items were provided, the charge for the items, and the name and unique physician identification number or National Provider Identity Number of the referring physician or other health care provider who had ordered or prescribed the items.  The claim could be submitted in paper form or electronically.

Superseding Indictment – Page 2

## The Defendants

7.      Defendant **Osvanna Agopian (Agopian)** was the operator of Euless

Healthcare Corporation (EHC), located at 222 West Bedford Euless Road, Hurst, Texas

76053, which is in the Northern District of Texas.

8.      **Agopian** was also the operator of Medic Healthcare Incorporated (Medic),

located at 6201Bonhomme Road, Suite 304N, Houston, Texas 77036.

9.      Person A, who is known to the Grand Jury, was listed as the owner in

filings with the Texas Secretary of State. EHC was incorporated in Texas on August 28,

2009. Person A was also listed as the owner in EHC's Medicare provider enrollment

form. EHC was enrolled in Medicare and received provider number TXB100288 on or

about February 2010.

10.      Medic was incorporated in Texas on June 26, 2009. On or about October

20, 2009, Medic received Medicare provider number TX2009244092.

11.      EHC operated from on or about March 2010, to on or about May 2011, and

Medic operated from October 2009, to on or about May 2011.

12.      Defendants **Tolulope Labeodan (Labeodan), Leslie Omagbemi**

**(Omagbemi)** and **Godwin Umotong (Umotong)** were employees of EHC. **Umotong**

and **Labeodan** also worked at Medic. At both clinics, **Agopian** supervised **Labeodan,**

**Omagbemi,** and **Umotong**, who purportedly examined beneficiaries and administered

diagnostic tests at beneficiaries' homes.

**Superseding Indictment – Page 3**

13.    Defendants **Munda Massaquoi (Massaquoi)** and **Comfort Gates (Gates)** were employees of Medic.  They were also supervised by **Agopian** and purportedly examined beneficiaries and administered diagnostic tests at beneficiaries' homes.

14.    Defendant **Labeodan** worked for EHC and Medic from on or about February 2011, to on or about April 2011.

15.    Defendant **Omagbemi** worked for EHC from on or about August 2010, to on or about February 2011.

16.    Defendant **Massaquoi** worked for Medic from on or about August 2010, to on or about May 2011.

17.    Defendant **Umotong** worked for EHC and Medic from on or about August 2010, to on or about March 2011.

18.    Defendant **Gates** worked for Medic from on or about January 2010, to on or about January 2011.

Count One
Conspiracy to Commit Health Care Fraud
(Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1347))

19.    The Grand Jury adopts, realleges, and incorporates by reference all the

allegations set forth in the Introduction of this Indictment.

The Conspiracy

20.    Defendants **Agopian, Labeodan, Omagbemi, Massaquoi, Umotong**, and

**Gates**, in the Dallas Division of the Northern District of Texas, and elsewhere, did

knowingly, intentionally, and willfully combine, conspire, confederate, and agree with

each other and with other persons known and unknown to the Grand Jury, to commit

certain offenses against the United States, that is, to knowingly and willfully execute, and

attempt to execute, a scheme and artifice: (a) to defraud Medicare and (b) to obtain

money and property owned by and under the custody and control of Medicare by means

of materially false and fraudulent pretenses, representations, and promises, in connection

with payments for health care services, namely office visits and diagnostic tests that were

never performed, in violation of 18 U.S.C § 1349.

The Purpose of the Conspiracy

21.    It was the purpose of the conspiracy for the defendants and others to

unlawfully enrich themselves by: (a) submitting false and fraudulent claims to Medicare;

(b) concealing the submission of false and fraudulent claims to Medicare; and (c)

diverting proceeds of the fraud for the personal use and benefit of the defendants and

their coconspirators.

## The Manner and Means of the Conspiracy

22.    The manner and means by which the defendants and their coconspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

23.    **Agopian** recruited doctors to work for EHC and Medic by representing that they would be certifying and re-certifying patients for home health care.

24.    **Agopian** or other employees of EHC and Medic contacted or were contacted by home health care agencies in Dallas, Texas, and Houston, Texas, regarding certifications or re-certifications for home health.  In order to receive reimbursement for home health care services, agencies must have a doctor certify that such services are medically necessary.

25.    The home health care agencies gave **Agopian** beneficiaries' names, Medicare numbers,  address, and other personal information for the certifications and re-certifications.

26.    Without the beneficiaries' permission, **Agopian** recorded the Medicare beneficiaries' information given to her by the home health care agencies and directed **Labeodan, Omagbemi, Massaquoi, Umotong, Gates**, and others to go the Medicare beneficiaries' homes.

27.    **Labeodan, Omagbemi, Massaquoi, Umotong, Gates**, and others interacted with each beneficiary, sometimes taking vital signs or inquiring about prescriptions.  They did not administer a medically necessary examination or a diagnostic

test as later represented to Medicare in claims submitted by Agopian through EHC and Medic.

28.    **Labeodan, Omagbemi, Massaquoi, Umotong,** and **Gates** were not medical professionals and were not supervised by a medical professional.  The doctors recruited by **Agopian** never met or directed **Labeodan, Omagbemi, Massaquoi, Umotong,** and **Gates** to visit beneficiaries' homes.

29.    **Agopian** submitted, or caused to be submitted, fraudulent claims to Medicare for diagnostic tests, falsely representing that (1) the tests were performed and (2) the tests were performed at either EHC or Medic.

30.    Neither the EHC or Medics had the equipment to perform the diagnostic tests, the doctors recruited by **Agopian** never witnessed or performed any diagnostic tests, and **Labeodan, Omagbemi, Massaquoi, Umotong,** and **Gates** only met beneficiaries in their homes.

31.    No beneficiary received the diagnostic tests for which **Agopian** billed.

32.    Medicare reimbursement checks for EHC were deposited into EHC'S Wells Fargo account number XXXXXX0384.  Medicare reimbursement checks for Medic were deposited into JPMorgan Chase account number XXXXXX9285.

33.    EHC billed Medicare $797,685.00 and was paid $363,177.77.  Medic billed Medicare $2,038,703.00 and was paid $1,050,438.76.

All in violation of 18 U.S.C. § 1349.

Counts Two through Seven
Health Care Fraud
(Violation of 18 U.S.C. §§ 1347 and 2)

34.     The Grand Jury adopts, realleges, and incorporates by reference all the allegations previously set forth in this Indictment.

35.     Beginning on or about October 2009, and continuing thereafter until on or about May 2011, in the Dallas Division of the Northern District of Texas, and elsewhere, defendants **Agopian, Labeodan, Omagbemi, Massaquoi, Umotong,** and **Gates**, as set forth below, aided and abetted by each other and by others known and unknown to the Grand Jury, did knowingly and willfully execute, and attempt to execute a scheme and artifice to defraud and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the control of Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), in connection with the delivery of and payment for health care benefits, items, and services, namely office visits and diagnostic tests.  Specifically, on or about the listed dates below, the defendants submitted or caused to be submitted through Medic and EHC false and fraudulent claims to Medicare for reimbursement for office visits and diagnostic tests, each such transaction set forth below constituting a separate count of this Indictment, as follows:

| Count | Defendant | Claim No. | Beneficiary | Date of Service | Description of Services Not Performed | Amount Billed | Clinic |
|---|---|---|---|---|---|---|---|
| 2 | Agopian, Omagbemi, Umotong | 452810225838670 | J.H. | 8/10/10 | Office visit, Extracranial Studies, Intracranial Study, Allergy test | $1022.00 | EHC |
| 3 | Agopian, Umotong, Omagbemi | 453910361612310 | A.M. | 12/15/10 | Office Visit, Nerve Conduction studies, H-reflex test | $1290.00 | EHC |
| 4 | Agopian, Umotong, Gates, Massaquoi | 452810341093610 | A.F. | 12/02/10 | Office visit, Nerve conduction studies, H-Reflex Study, Allergy Test | $1832.00 | Medic |
| 5 | Agopian, Umotong, Gates, Massaquoi | 452810231461620 | O.K. | 7/29/10 | Office Visit | $120.00 | Medic |
| 6 | Agopian, Umotong, Gates, Massaquoi | 452810231339530 | O.K. | 7/29/10 | Transcranial Doppler, Scan of Extracranial Arteries, Physiological Study | $580.00 | Medic |
| 7 | Agopian, Gates, Massaquoi, Umotong, Labeodan | 452811070913070 | P.M. | 3/9/11 | Office visit, Physiological study, Allergy Test | $1282.00 | Medic |

36.     The object of the scheme and artifice to defraud was for the defendants, through EHC and Medic, to unlawfully enrich themselves by submitting and causing the submission and payment of fraudulent claims which: (a) falsely represented that office visits and diagnostic tests were performed; and (b) falsely represented the visits and tests were performed at EHC's and Medic's clinics.

37.    In furtherance of the scheme and artifice to defraud, defendants submitted or caused to be submitted through EHC and Medic, fraudulent claims to Medicare for reimbursement totaling at least $797,685.00 for EHC and $2,038,703.00 for Medic, and resulting in payments from Medicare of at least $363,177.77 for EHC and $1,050,438.76 for Medic.

In violation of 18 U.S.C. §§ 1347 and 2.

## Count 8
### False Statement to a Government Agency
### (Violation of 18 U.S.C. § 1001)

38.     The Grand Jury adopts, realleges, and incorporates by reference all the allegations previously set forth in this Indictment.

39.     In addition to its claims-processing responsibility, TrailBlazer, L.L.C. was required to process Medicare provider enrollment forms. Once the provider enrollment form was reviewed and approved, TrailBlazer, L.L.C. notified the provider in writing of the approval and issued a unique Medicare provider number. Medicare required the provider to use its provider number on all claims it submitted for payment.

40.     On or about October 20, 2009, in the Dallas Division of the Northern District of Texas, and elsewhere, defendant **Vagarshak Smbatyan** in a matter within the jurisdiction of the United States Department of Health and Human Services, did knowingly and willfully make a materially false, fictitious, and fraudulent statement in the Medicare Federal Health Care Provider Enrollment Application for Medic, to wit, that **Smbatyan** was the individual who owns Medic when, in fact, the defendant knew that : (a) **Agopian**, **Smbatyan's** wife, was barred from the Medicare program because of two prior health care fraud convictions; and (b) **Agopian** was the true owner and operator of Medic. **Smbatyan's** statement was material in that had he truthfully stated **Agopian** was the owner Medic, Medicare would have rejected Medic's provider application and refused to issue Medic a provider number to submit claims to Medicare.

In violation of 18 U.S.C. § 1001.

<u>Forfeiture Notice</u>
(18 U.S.C. § 982(a)(7))

41.    Upon conviction for any of the offenses alleged in Counts One through Ten
of this indictment and pursuant to 18 U.S.C. § 982(a)(7), defendants **Agopian**,
**Labeodan, Smbatyan, Omagbemi, Massaquoi, Umotong,** and **Gates** shall forfeit to the
United States any property, real or personal, constituting or derived from, directly or
indirectly, the gross proceeds traceable to the commission of the respective offense.  This
property includes, but is not limited to, a personal money judgment in the amount of U.S.
currency constituting the gross proceeds traceable to the offense.

42.    Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if
any of the above-described property subject to forfeiture, as a result of any act or
omission of one or more of the previously-mentioned defendants, cannot be located upon
the exercise of due diligence; has been transferred or sold to, or deposited with, a third
person; has been placed beyond the jurisdiction of the Court; has been substantially
diminished in value; or has been commingled with other property which cannot be
subdivided without difficulty, it is the intent of the United States of America to seek
forfeiture of any other property of the previously-mentioned defendants up to the value of
the above-described property subject to forfeiture.

TRUE BILL

_____
FOREPERSON

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


_____
MICHAEL MCCARTHY
Assistant United States Attorney
Texas State Bar No. 24072230
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214.659.8600
Facsimile:  214.659.8812

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

OVSANNA AGOPIAN (1)
a.k.a "Joanna Ovsanna Agopian
a.k.a "Joanna Smbatyan"
TOLULOPE LABEODAN (2)
VAGHARSHAK SMBATYAN (3)
GODWIN UMOTONG (4)
LESLIE OMAGBEMI (5)
MUNDA MASSAQUOI (6)
COMFORT GATES (7)

SEALED SUPERSEDING INDICTMENT

18 USC § 1349 (18 USC § 1347)
Conspiracy to Commit Health Care Fraud

18 USC §§ 1347 and 2
Health Care Fraud

18 USC § 1001
False Statement to a Government Agency

18 USC § 982(a)(7)
Forfeiture Notice

8 Counts

A true bill rendered

---

*Andrea L. Ruggle*
FOREPERSON

DALLAS

Filed in open court this _____ day of September 2012

---

Clerk

OVSANNA AGOPIAN – On Bond
TOLULOPE LABEODAN – On Bond
**Warrant to be Issued for:**
VAGHARSHAK SMBATYAN
GODWIN UMOTONG
LESLIE OMAGBEMI
MUNDA MASSAQUOI
COMFORT GATES

---

UNITED STATES DISTRICT/MAGISTRATE JUDGE
Criminal No. 3:11-CR-308-N

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

RELATED CASE INFORMATION

Superseding Indictment/Information: __X__ Yes ___No
New Defendant: ___Yes __X__ No
Pending CR Case in NDTX: __X__ Yes ___No

If Yes, Number: __3:11-CR-308-N_____
Search Warrant Case Number: _____
Rule 20 from District of _____

ORIGINAL

SEALED

RECEIVED
SEP – 6 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

1. **Defendant Information**

Juvenile: ____Yes __X__ No

If Yes, Matter to be SEALED:

__X__ Yes _____No

Defendant Name _____Ovsanna Agopian (1)_____

Alias Name ____a.k.a. "Joanna Ovsanna Agopian"____

____a.k.a. "Joanna Smbatyan"____

Address _____

County in which offense was committed: _____Dallas_____

2. **U.S. Attorney Information**

Michael McCarthy          Bar #: TX 24072230

3. **Interpreter**

____Yes __X__ No   If Yes, list language and/or dialect: _____

4. **Location Status**

_____Already in Federal Custody as of
_____Already in State Custody
__X____On Pretrial Release

5. **U.S.C. Citations**

Total # of Counts as to This Defendant: ___8___   Petty_____ Misdemeanor_____ Felony___X___

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 USC § 1349 (18 USC § 1347) | Conspiracy to Commit Health Care Fraud | 1 |
| 18 USC §§ 1347 and 2 | Health Care Fraud | 2-7 |
| 18 USC § 1001 | False Statement to a Government Agency | 8 |
| 18 USC § 982(a)(7) | Forfeiture Notice | |

Date __8/31/12_____   Signature of AUSA: _____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| | **RELATED CASE INFORMATION** |

**RELATED CASE INFORMATION**

Superseding Indictment/Information:  __X__ Yes  ___No
New Defendant:  ___Yes  __X__ No
Pending CR Case in NDTX:  __X__ Yes  ___No

If Yes, Number: _3:11-CR-308-N_
Search Warrant Case Number: _____
Rule 20 from District of _____

1.  **Defendant Information**

Juvenile: ___Yes  __X__ No

If Yes, Matter to be SEALED:

__X__ Yes  _____No

Defendant Name  _____Tolulope Labeodan (2)_____

Alias Name  _____

RECEIVED
SEP - 6 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Address  _____

County in which offense was committed:  _____Dallas_____

2.  **U.S. Attorney Information**

Michael McCarthy                    Bar #: TX 24072230

3.  **Interpreter**

_____Yes  __X__ No   If Yes, list language and/or dialect: _____

4.  **Location Status**

_____Already in Federal Custody as of
_____Already in State Custody
__X__ On Pretrial Release

5.  **U.S.C. Citations**

Total # of Counts as to This Defendant: ___7___   Petty_____ Misdemeanor_____ Felony__X__

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 USC § 1349 (18 USC § 1347) | Conspiracy to Commit Health Care Fraud | 1 |
| 18 USC §§ 1347 and 2 | Health Care Fraud | 2-7 |
| 18 USC § 982(a)(7) | Forfeiture Notice | |

Date _8/31/12_                    Signature of AUSA: _____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

| | RELATED CASE INFORMATION |
|---|---|

Superseding Indictment/Information:        X   Yes   ___No
New Defendant:                                       ___Yes   X   No
Pending CR Case in NDTX:                      X  Yes   ___No

If Yes, Number:  3:11-CR-308-N
Search Warrant Case Number: _____
Rule 20 from District of _____

1.     **Defendant Information**

       Juvenile: ___Yes   X  No

       If Yes, Matter to be SEALED:

       _X_ Yes   _____No

       **SEALED**

       **RECEIVED**
       SEP – 6 2012
       CLERK, U.S. DISTRICT COURT
       NORTHERN DISTRICT OF TEXAS

       Defendant Name          Vagharshak Smbatyan (3)

       Alias Name              _____

       Address                 _____

       County in which offense was committed:          Dallas

2.     **U.S. Attorney Information**

       Michael McCarthy                    Bar #: TX 24072230

3.     **Interpreter**

       _____Yes   X  No   If Yes, list language and/or dialect: _____

4.     **Location Status**

       **ISSUE ARREST WARRANT**

       _____Already in Federal Custody as of
       _____Already in State Custody
       _____On Pretrial Release

5.     **U.S.C. Citations**

       Total # of Counts as to This Defendant: ___1___   Petty_____ Misdemeanor_____ Felony__X__

| **Citation** | **Description of Offense Charged** | **Count(s)** |
|---|---|---|
| 18 USC § 1001 | False Statement to a Government Agency | 8 |
| 18 USC § 982(a)(7) | Forfeiture Notice | |

Date  8/31/12          Signature of AUSA: _____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

<table>
<tr><td colspan="2" align="center">RELATED CASE INFORMATION</td></tr>
<tr><td>Superseding Indictment/Information:</td><td>X Yes ___No</td></tr>
<tr><td>New Defendant:</td><td>___Yes _X_ No</td></tr>
<tr><td>Pending CR Case in NDTX:</td><td>X Yes ___No</td></tr>
<tr><td colspan="2">If Yes, Number: 3:11-CR-308-N _____</td></tr>
<tr><td colspan="2">Search Warrant Case Number: _____</td></tr>
<tr><td colspan="2">Rule 20 from District of _____</td></tr>
</table>

**1.**     **Defendant Information**

Juvenile:____Yes _X_No

If Yes, Matter to be SEALED:

_X_Yes _____No

ORIGINAL SEALED

RECEIVED

SEP 6 2012

Defendant Name _____ Godwin Umotong (4) _____

Alias Name _____

Address _____

County in which offense was committed: _____ Dallas _____

**2.**     **U.S. Attorney Information**

Michael McCarthy              Bar #: TX 24072230

**3.**     **Interpreter**

_____Yes _X_No    If Yes, list language and/or dialect: _____

**4.**     **Location Status**

**ISSUE ARREST WARRANT**

_____Already in Federal Custody as of
_____Already in State Custody
_____On Pretrial Release

**5.**     **U.S.C. Citations**

Total # of Counts as to This Defendant: ___7___    Petty_____ Misdemeanor_____ Felony__X__

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 USC § 1349<br>(18 USC § 1347) | Conspiracy to Commit Health Care Fraud | 1 |
| 18 USC §§ 1347 and 2 | Health Care Fraud | 2-7 |
| 18 USC § 982(a)(7) | Forfeiture Notice | |

Date **8/31/12** _____     Signature of AUSA: _____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

| RELATED CASE INFORMATION | | |
|---|---|---|
| Superseding Indictment/Information: | X Yes | ___ No |
| New Defendant: | ___ Yes | X No |
| Pending CR Case in NDTX: | X Yes | ___ No |
| If Yes, Number: 3:11-CR-308-N | | |
| Search Warrant Case Number: _____ | | |
| Rule 20 from District of _____ | | |

**SEALED**
**ORIGINAL**

**RECEIVED**
SEP _ _ 2012
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

1. **Defendant Information**

   Juvenile: ____Yes    X    No

   If Yes, Matter to be SEALED:

   __X__Yes    _____No

   Defendant Name    Leslie Omagbemi (5)

   Alias Name    _____

   Address    _____

   County in which offense was committed:    Dallas

2. **U.S. Attorney Information**

   Michael McCarthy    Bar #: TX 24072230

3. **Interpreter**

   _____Yes    X    No    If Yes, list language and/or dialect: _____

4. **Location Status**

   **ISSUE ARREST WARRANT**

   _____Already in Federal Custody as of
   _____Already in State Custody
   _____On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant: ___7___    Petty_____ Misdemeanor_____ Felony___X___

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 18 USC § 1349 (18 USC § 1347) | Conspiracy to Commit Health Care Fraud | 1 |
   | 18 USC §§ 1347 and 2 | Health Care Fraud | 2-7 |
   | 18 USC § 982(a)(7) | Forfeiture Notice | |

   Date  8/31/12    Signature of AUSA:  MM

Criminal Case Cover Sheet                                                                    Revised 3/5/98

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

| RELATED CASE INFORMATION |
|---|
| Superseding Indictment/Information:   X  Yes  ___No |
| New Defendant:   ___Yes  X  No |
| Pending CR Case in NDTX:   X  Yes  ___No |
| |
| If Yes, Number:  3:11-CR-308-N |
| Search Warrant Case Number: _____ |
| Rule 20 from District of _____ |

1.  **Defendant Information**

Juvenile:____Yes   X   No

If Yes, Matter to be SEALED

  X  Yes  _____No

Defendant Name  _____ Munda Massaquoi (6) _____

Alias Name  _____

Address  _____

County in which offense was committed:  _____ Dallas _____

2.  **U.S. Attorney Information**

Michael McCarthy                    Bar #: TX 24072230

3.  **Interpreter**

____Yes   X  No    If Yes, list language and/or dialect: _____

4.  **Location Status**

**ISSUE ARREST WARRANT**

_____Already in Federal Custody as of
_____Already in State Custody
_____On Pretrial Release

5.  **U.S.C. Citations**

Total # of Counts as to This Defendant:  ___7___   Petty_____  Misdemeanor_____  Felony___X___

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 USC § 1349 (18 USC § 1347) | Conspiracy to Commit Health Care Fraud | 1 |
| 18 USC §§ 1347 and 2 | Health Care Fraud | 2-7 |
| 18 USC § 982(a)(7) | Forfeiture Notice | |

Date  8/31/12                    Signature of AUSA: _____

*Criminal Case Cover Sheet*                                                      Revised 3/5/98

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| RELATED CASE INFORMATION |
|---|
| Superseding Indictment/Information:    X   Yes ___No |
| New Defendant:    ___Yes  X  No |
| Pending CR Case in NDTX:    X Yes ___No |
| If Yes, Number: 3:11-CR-308-N |
| Search Warrant Case Number: _____ |
| Rule 20 from District of _____ |

**RECEIVED**

SEP - 6 2012

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

SEALED

1.  **Defendant Information**

    Juvenile:___Yes   X   No

    If Yes, Matter to be SEALED:

    __X__Yes _____No

    Defendant Name _____ Comfort Gates (7)

    Alias Name _____

    Address _____

    County in which offense was committed:    Dallas

2.  **U.S. Attorney Information**

    Michael McCarthy                    Bar #: TX 24072230

3.  **Interpreter**

    ____Yes   X  No    If Yes, list language and/or dialect: _____

4.  **Location Status**

    **ISSUE ARREST WARRANT**

    _____Already in Federal Custody as of
    _____Already in State Custody
    _____On Pretrial Release

5.  **U.S.C. Citations**

    Total # of Counts as to This Defendant: ___7___    Petty_____ Misdemeanor_____ Felony___X___

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 USC § 1349 (18 USC § 1347) | Conspiracy to Commit Health Care Fraud | 1 |
| 18 USC §§ 1347 and 2 | Health Care Fraud | 2-7 |
| 18 USC § 982(a)(7) | Forfeiture Notice | |

Date  8/31/12              Signature of AUSA: _____